358 N.E.2d 140 (1976)
Zarko SEKEREZ, Taxpayer, Appellant (Plaintiff below),
v.
THE LAKE COUNTY BOARD OF COMMISSIONERS AND STEVE W. MANICH, Lake County Surveyor, Appellees (Defendants below).
No. 3-974A157.
Court of Appeals of Indiana, Third District.
December 9, 1976.
*142 Zarko Sekerez, Merrillville, pro se.
Joseph L. Skozen, Munster, James A. Holcomb, Merrillville, for appellees.
STATON, Presiding Judge.
Zarko Sekerez filed a complaint in the Lake Superior Court seeking a declaratory judgment to determine whether the Lake County Board of Commissioners have authority to hire or appoint private engineers to inspect county bridges; whether the county surveyor may provide engineering services to private individuals during the time that he is being paid to perform his official duties as county surveyor; and whether any fees received by the county surveyor for private engineering work performed during the time that he should have been performing his official duties should be turned over to the county general fund. Before trial, defendants, Steve Manich, who is the Lake County Surveyor, and the Lake County Board of Commissioners, filed motions for summary judgment with supporting affidavits and exhibits. After a hearing on their motions the trial court granted summary judgment in their favor:
"... [T]he Court having considered the pleadings, affidavits, depositions and memoranda served and filed in this action, together with testimony and arguments of counsel; and having found that there is no genuine issue as to any material fact to be submitted to the Court; and having concluded that defendants are entitled to judgment as a matter of law ... [hereby orders] that summary judgment be, and it is hereby entered, for defendants and that costs be assessed against plaintiff."
Sekerez perfected this appeal from the trial court's judgment. He contends that the trial court erred:
(1) when it granted summary judgment;
(2) when it did not make special findings of fact and conclusions of law;
(3) when it failed to designate the issues and claims upon which it found no genuine issue of material fact; and
(4) when it failed to make a declaratory judgment as to the issues presented.
Sekerez has not shown reversible error, and we affirm.

I

Summary Judgment
Summary judgment must be granted if "there is no genuine issue as to any material fact and ... the moving party is entitled to judgment as a matter of law." Indiana Rule of Procedure, Trial Rule 56(C). In the present case, Sekerez contends that summary judgment was improperly granted because:
"... there are many facts that are disputed and. .. many inferences may be drawn from the facts presented by the record. The affidavit of Steve W. Manich (Tp., p. 56) dated April 26th, 1974, has facts which are in conflict with the affidavit of Steve W. Manich dated January 11th, 1973. (Tr., p. 77) The affidavit filed by the plaintiff on May 15th, 1974, (Tr., p. 75) disputed the facts in the affidavits filed by Steve W. Manich."
This is the extent of Sekerez's showing of "how the issues and contentions in support thereof relate to the particular facts of the case." Indiana Rule of Procedure, Appellate Rule 8.3(A)(7).
The affidavit of Steve W. Manich dated January 11, 1973, is not in the record. Depositions of Sekerez and Manich, which were considered and referred to by the trial court, are not included in the record. There was testimony taken at the three-day summary judgment hearing, which is not in the record before us. Because of the absence of this evidence, we have no way of determining whether or not there were genuine issues of fact which would have made the trial court's decision to grant summary judgment improper.
It is true, as Sekerez points out, that the burden is on the party moving for summary judgment to show that no material issue of fact exists, and all doubts must be resolved in favor of the party against whom the motion is directed. See Doe v. Barnett (1969), 145 Ind. App. 542, 251 *143 N.E.2d 688. It is also true, however, that the burden is on the appellant to establish error in the rendition of the judgment below. A reviewing court will presume that the judgment and rulings of the trial court are correct, and will not presume that facts showing error exist outside the record. See State Board of Tax Comm'rs v. Oliverius (1973), Ind. App., 294 N.E.2d 646; Wisconsin Nat'l Life Ins. Co. v. Meixel (1943), 221 Ind. 650, 51 N.E.2d 78.
From the evidence presented in the record, it is apparent that summary judgment was proper as to the issue of the Board's power and authority to appoint private engineers to inspect county bridges. Summary judgment may be granted in favor of a defendant when there is no genuine issue as to the existence of an affirmative defense. Ind. Rules of Procedure, Trial Rule 56(E). Since the issue of the Board's power and authority to hire private engineers was determined in a prior action between the parties, the assertion of this issue is barred by the doctrine of res judicata.
A judgment was rendered by the Lake Superior Court[1] on April 1, 1974, in an action for a declaratory judgment between Zarko Sekerez (plaintiff) and the Lake County Board of Commissioners (defendant). The pertinent parts of that judgment are as follows:
"3. That under Indiana Code 8-17-5-4 (36-1125), the Board of County Commissioners are under obligation to provide all facilities, equipment and personnel reasonably required by the County Highway Engineer in the discharge of the duties of the office.
"4. That the Lake County Board of Commissioners have the statutory authority to retain consulting engineers to assist the County Highway Engineer in the preparation of designs, plans and specifications for all county road and bridge construction projects."
Whether it is the inspection of county bridges (which is at issue in the present case) or the "preparation of plans and specifications for all county road and bridge construction projects" (which was adjudicated in the former case), the essential issue is the same, that is, whether it is the exclusive responsibility of the county surveyor or engineer to perform the duties enumerated in IC 1971, 8-17-5-6 (Burns Code Ed.), or whether the Board may hire private engineers to perform these duties.
This Court has stated the elements essential to the application of the doctrine of res judicata:
"The basic elements of res adjudicate are fourfold: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was, or might have been, determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit; and (4) judgment in the former suit must have been rendered on the merits." Crown Point Community School Corp. v. Richards (1973), 154 Ind. App. 545, 290 N.E.2d 449, 452; Wright v. Kinnard (1970), 147 Ind. App. 484, 262 N.E.2d 196.
In the present case, the record shows that a court of competent jurisdiction, in an action between the parties to the instant suit, rendered a judgment on the merits which determined an issue in the present case. Summary judgment was proper.
In the present case, summary judgment was also granted in favor of defendants on the issues of whether the county surveyor may provide engineering services to private individuals during the time he is being paid to perform his public duties and whether he must turn over any fees received in the performance of private services to the county general fund. As stated above, the trial court's decision is presumed correct in the absence of a record and arguments which rebut this presumption. In the record, there is an affidavit by Manich *144 and another by Sekerez. Manich states that he did not, in his individual capacity, perform outside work, although his private corporation did. He asserts that there was never a conflict between the corporation's outside work and his own official duties as county surveyor. Sekerez asserts that Manich did perform outside work. Although the assertions made in the affidavits appear to conflict, we must assume that the other evidence, the missing affidavit, the depositions, and the testimony at the hearing, clarified and negated this apparent conflict. Without the record necessary for a determination of this question, we must assume that there were no genuine issues of material fact before the trial court when it determined to grant summary judgment.
In support of his contention that summary judgment was improper, Sekerez relies solely on the presence of genuine issue of fact. He has not preserved for appeal any issue as to whether defendants were entitled to judgment as a matter of law.
We must conclude that the trial court's decision to grant summary judgment in favor of defendants was proper.

II

Special Findings
Sekerez argues that the trial court was required at his written request to make special findings of fact and conclusions of law when it granted summary judgment for defendants. This contention is without merit. Trial Rule 52(A) clearly provides:
"(A) Effect. In the case of issues tried upon the facts without a jury or with an advisory jury, the court shall determine the facts and judgment shall be entered thereon pursuant to Rule 58. Upon its own motion, or the written request of any party filed with the court prior to the admission of evidence, the court in all actions tried upon the facts without a jury or with an advisory jury ... shall find the facts specially and state its conclusions thereon... . Findings of fact are unnecessary on decisions of motions under Rule 12 or 56 or any other motion except as provided in Rule 41(B) (dismissal) and 59(E) (motion to correct errors)."
Findings of fact are inappropriate when there are no issues of fact, which is the case when summary judgment is granted.

III

Designation of Issues
Sekerez contends that the trial court erred in failing to "designate the issues or claims upon which it finds no genuine issue as to any material facts." Trial Rule 56(C). When the trial court fails to designate issues and claims, we may remand with instructions to so designate. See Ware v. Waterman (1969), 146 Ind. App. 237, 253 N.E.2d 708; Lows v. Warfield (1971), 149 Ind. App. 569, 274 N.E.2d 553. In this case, a remand would only unduly prolong the proceedings. Even if the trial court were to specify its reasons for granting summary judgment, we could not review its determination that there was no genuine issue of fact because, as stated above, we have not been presented with the record necessary for determination of this question. Further, as stated above, Sekerez has not preserved for appeal any contention that the trial court erred in its determination that defendants were entitled to judgment as a matter of law. Thus, remand for a designation of issues would be a useless act.

IV

Declaratory Judgment
The trial court did not err in failing to make a declaratory judgment pursuant to Trial Rule 57 as to the issues presented in the complaint. The trial court determined, in granting defendants' motions for summary judgment, that there were no genuine issues of fact and that defendants were entitled to judgment as a matter of law. By disposing of the case on the summary judgment motions, the trial court never reached the declaratory judgment questions presented.
We find no reversible error, and we affirm.
*145 HOFFMAN, J., concurs.
GARRARD, J., concurs in result.
NOTES
[1] The present action was brought in Room 4 of the Lake Superior Court, and the prior action was brought in Room 3.