STATE OF INDIANA *v.* HOWARD L. PETERSON, RUTH D. PETERSON, AUDITOR OF KOSCIUSKO COUNTY AND TREASURER OF KOSCIUSKO COUNTY.

[No. 1078S213. Filed October 6, 1978.]

*Theodore L. Sendak,* Attorney General, *David L. Steiner,* Deputy Attorney General, for appellant.

*Richard W. Gates, James R. Heuser, Gates & Gates,* of Columbia City, for appellees.

PRENTICE, J.—This case is before us upon the petition of the defendants (appellees) to transfer the cause from the Court of Appeals, Third District, which reversed the judgment of the trial court, with Judge Garrard dissenting. (Reference 364 N.E.2d 767).

The petition is now granted pursuant to Appellate Rule 11 (B) (2) (d), and the aforesaid decision is hereby vacated.

The single issue herein is the entitlement of the State of Indiana to its tendered jury instruction No. 1, refused by the trial court, which was as follows:

> "Loss of access is compensable and may be considered by you in determining the damages to be awarded the defendants only when such loss of access is special and peculiar to this property, *and only when no other reasonable means of access is available to the property."* (Emphasis added)

We have previously held that it was not error to give the identical instruction. *Beck* v. *State,* (1971) 256 Ind. 318, 268 N.E.2d 746. The State of Indiana (Appellant) relies upon that decision as sole support for its contention of error. It has not, however, recognized a concurring opinion in the

*Beck* case, expressly criticizing the instruction and pointing out the deficiency therein, i.e. a potential to mislead, depending upon the circumstances of the case. The case at hand is just such a case, and the instruction, as tendered, was properly refused.

The land in question was a triangular shaped parcel, bordered on one side by old U.S. 30, on the second side by new U.S. 30, and on the third side by land of another owner. It had no established entrances onto either of the highways. It was not entitled to full or unlimited access rights to the highways. *State* v. *Ensley*, (1960) 240 Ind. 472, 164 N.E.2d 342. However, it was entitled to access to either or both, in accordance with governing statutes and case law.

The State instituted the action now before us against the appellees, (landowners) to convert new U.S. 30 into a limited access highway pursuant to Ind. Code § 8-11-1-5 (Burns 1971). The effect of such action was to deny such right of access to new U.S. 30 as the landowner had immediately prior thereto. It did not affect his right of access to old U.S. 30.

Refusal of the proffered instruction was correct.

In *State* v. *Hastings*, (1965) 246 Ind. 475, 206 N.E.2d 874, our Court recognized that the limited access authority provided by Ind. Code § 8-11-1-5 "expressly provides for compensation to abutting property owners for loss of access."

Subsequently, in *Beck* v. *State, supra,* this Court found no reversible error where the trial court gave an identical instruction. We there held that in an eminent domain action which included securing the limited access provided by Ind. Code § 8-11-1-5, the loss of access was compensable only to the extent it is "special and peculiar" to the property in question. We rejected the landowner's objections to the instruction asserting that the imposition of limited access per se results in compensable injury for which some award must be made.

In the case before us the instructions given by the court as to the measure and necessary proof of damages clearly satisfy the *Beck* requirement of special injury by limiting recovery to the diminution in fair market value of the real estate occasioned by the taking of the landowner's access rights. The critical portion of the tendered instruction then becomes its concluding phrase, " * * * and only when no other reasonable means of access is available to the property."

In *Beck* we did not have before us the issue of the propriety of this langauge, since no objection had been made to that portion or aspect of the instruction. But the concurring opinion pointed out why the majority opinion should not be interpreted as a judicial indorsement of the instruction. The coupling of this phrase, apparently as an additional requirement to the necessity of establishing special injury, is both confusing and misleading to the jury. It is true that whether the landowner is left with reasonable access to his realty bears greatly upon whether he had indeed suffered special injury. However, it must be borne in mind that his damage entitlement is to be based upon the highest and best use of the property at the time of the taking. Thus, if the highest and best use before the taking was for one purpose, and because of the access available after the taking, the property was no longer suitable for that use, but was still suitable for a less valuable use, the owner would be entitled to the damages reflecting the diminished value.

Where the issues in the case include a dispute as to the highest and best use or diminished value for that use, the concept that there is no compensable injury unless "no other reasonable means of access is available," to be correct, must contemplate *reasonableness* in terms of the highest and best use of the property immediately prior to the take.

The highest and best use to which land could reasonably be devoted immediately before the "take" is the criteria for

determining its value at that time. If the access to which the *owner was then lawfully entitled* was necessary in order to so use the land, and that access is denied by the "take", the owner is entitled to be compensated, regardless of the availability of other access which may be "reasonable" for other purposes but does not fulfill the need critical to the coveted use.

The instruction is proper only if it is interpreted to mean that reasonableness of the other means of access must relate to the highest and best use for which the land was reasonably suited. The deficiency in the instruction lies in its susceptibility to having the phrase "other reasonable means of access" misunderstood. To avoid such misconstruction, it should have included a caveat like or similar to the following:

"Other reasonable means of access," as used in this instruction, does not mean access that is reasonable for some other use of the land. Rather, it refers to *other access that will permit the land to be used for that purpose regarded as its highest and best use immediately before the take.*

The tendered instruction was likely to mislead and was properly refused. The judgment of the trial court is affirmed.

Givan, C.J. and DeBruler, Hunter and Pivarnik, JJ., concur.

NOTE.—Reported at 381 N.E.2d 83.