THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, *v.* EDWARD GILMAN, Defendant-Appellant.

Fourth District    No. 4—82—0407

Opinion filed March 9, 1983.

74

Daniel D. Yuhas and Gary S. Rapaport, both of State Appellate Defender's Office, of Springfield, for appellant.

Basil G. Greanias, State's Attorney, of Decatur (Robert J. Biderman and Garry W. Bryan, both of State's Attorney's Appellate Service Commission, of counsel), for the People.

PRESIDING JUSTICE WEBBER delivered the opinion of the court:

Defendant, Edward Gilman, was charged by information, in the circuit court of Macon County, with the offense of attempt (burglary) in violation of section 8—4 of the Criminal Code of 1961 (Ill. Rev. Stat. 1979, ch. 38, par. 8—4). He was tried to a jury and found guilty. Defendant appeals his conviction and sentence arguing that the jury was improperly instructed. We affirm.

At the instruction conference, defense counsel tendered Illinois

Pattern Jury Instructions, Criminal, No. 24—25.02 (2d ed. 1981) (hereinafter IPI Criminal) on the defense of voluntary intoxication. The instruction reads, in pertinent part, as follows:

"An intoxicated person is criminally responsible for his conduct unless his intoxication renders him incapable of acting [(knowingly) (intentionally)]."

A trial court is to select the mental state applicable to the crime charged. The trial court, upon urging by the assistant State's Attorney, elected to use "knowingly." Defense counsel objected, stating that intent is an element of the crime of attempt and, therefore, "intentionally" should have been inserted.

Although defense counsel raised the issue at the instructions conference, he failed to raise it in his written post-trial motion. The People contend that the issue has therefore been waived unless it rises to the level of plain error.

We hold that the issue has been waived and does not, in the instant case, rise to the level of plain error. The failure by a defendant to raise an issue in his written motion for a new trial constitutes waiver of that issue and it cannot be urged as a ground for reversal on review. (*People v. Pickett* (1973), 54 Ill. 2d 280, 296 N.E.2d 856.) Error that rises to the level of plain error may be considered on review despite a defendant's failure to properly preserve an objection. *People v. Baynes* (1981), 88 Ill. 2d 225, 430 N.E.2d 1070.

The plain error rule is a narrow and limited exception to the general waiver rule. (*People v. Pastorino* (1982), 91 Ill. 2d 178, 435 N.E.2d 1144.) To circumvent the general waiver rule the record must clearly show the commission of error that substantially affects a defendant's rights. (*People v. Jackson* (1981), 84 Ill. 2d 350, 418 N.E.2d 739.) We hold that no substantial error such as to deprive defendant of a fair trial has occurred.

In addition to the instruction on the intoxication defense, the trial court instructed the jury as follows:

"A person commits the offense of attempt when he, with intent to commit the offense of Burglary, does any act which constitutes a substantial step toward the commission of the offense of Burglary.

The offense attempted need not have been committed." IPI Criminal No. 6.05.

"A person commits the offense of burglary when he, without authority, knowingly enters a building or any part thereof with intent to commit therein the offense of theft." IPI Criminal No. 14.05.

"To sustain the charge of attempt, the State must prove the following propositions:

FIRST: That the defendant performed an act which constituted a substantial step toward the commission of the offense of Burglary; and

SECOND: That the defendant did so with intent to commit the offense of Burglary; and

THIRD: That at the time of the offense, the defendant was capable of acting knowingly." IPI Criminal Nos. 6.07, 24–25.02A.

■ The jury was appropriately instructed as to the requisite mental state for the offense of attempt, intent. (IPI Criminal No. 6.05.) When the jury was instructed as to intoxication, the trial court erred in utilizing the term "knowingly." However, we hold that it was not reversible error.

■ ■ Attempt is a specific intent crime. (See *People v. Jones* (1914), 263 Ill. 564, 105 N.E. 744; Ill. Rev. Stat. 1979, ch. 38, par. 4–3.) The mental state which is an element of the offense of attempt is intent. Burglary is defined by section 19–1 of the Criminal Code of 1961. (Ill. Rev. Stat. 1979, ch. 38, par. 19–1.) The key elements of that offense are knowledge, entry and intent to commit a theft or a felony. *People v. Dandridge* (1981), 98 Ill. App. 3d 1021, 424 N.E.2d 1262.

To sustain a charge of attempt it must be shown that a defendant formed the specific intent to commit a crime. It follows that the trial court should have instructed the jury that defendant could not have been criminally responsible for the charged offense of attempt unless his intoxication rendered him incapable of forming the intent. It appears that the trial court, and counsel, became sidetracked by the charging instrument which we find to be inartfully drafted. The court and counsel, from their discussions at the instruction conference, apparently believed that the intoxication defense went to negating the dual mental state of burglary, knowledge and intent. However, defendant was not charged with burglary; he was charged with attempt. Therefore, the jury should have been instructed that defendant was not criminally responsible if his intoxication precluded him from forming intent.

However, the error was harmless. If the jury determined that defendant's intoxication was not sufficient to negate his ability to act knowingly, it follows logically that his intoxication would not be great enough to impair his ability to act intentionally, as intentional conduct is more culpable than knowing conduct.

██ ██ The committee comments to section 4—3 reveal that the use of the word "intent" in the Code is limited to conscious objective or purpose to accomplish a described result. This is distinct from "general intent," which constitutes an awareness that certain voluntary acts will, or probably will, have unlawful results. The committee went on to state that "knowingly" is "properly applicable to the situation in which a person, while not having an actual intent to accomplish a specific wrong purpose, is consciously aware of the nature of his conduct or of the result which will *** be caused." (Ill. Ann. Stat., ch. 38, par. 4—3, Committee Comments, at 256 (Smith-Hurd 1972).) Thus, it is clear that in order to form intent, one must first be aware of the surrounding circumstances and then intend to commit a specific unlawful act. Consequently, intoxication which will negate intent subsumes intoxication which will negate knowledge. It follows that intoxication which is not severe enough to negate knowledge is not severe enough to negate intent. As was said in *People v. Olson* (1981), 96 Ill. App. 3d 193, 420 N.E.2d 1161, voluntary intoxication may negate the element of intent only when it is so extreme as to entirely suspend a defendant's power of reason, that is, his ability to act knowingly.

For the foregoing reasons, the judgment of the circuit court of Macon County is affirmed.

Affirmed.

MILLS and MILLER, JJ., concur.