James CREECH and Oma Sue Creech,
Appellants (Defendants Below),

v.

The TOWN OF WALKERTON, Indiana,
Appellee (Plaintiff Below).

No. 4-684A163.

Court of Appeals of Indiana,
Fourth District.

Dec. 27, 1984.·

Philip R. Skodinski, South Bend, for appellants.

James N. Clevenger, Plymouth, for appellee.

MILLER, Presiding Judge.

The Town of Walkerton brought an action for mandatory injunction against James and Oma Sue Creech for the demolition and removal of two houses because they were nuisances. The Creeches, by way of counterclaim, sought $40,000 damages, alleging the Town had caused the buildings' disrepair by its refusal to provide the Creeches with a written list of necessary repairs, its discontinuation of utility service to the two properties, and its refusal to negotiate in good faith for the proper repair of the buildings. After trial to the bench, the court ordered the Creeches to demolish both structures and entered judgment for the Town on the Creeches' counterclaim on the basis of res judicata. The trial court found this very same counterclaim had been brought earlier by the

Creeches as an original action against the Town but had been dismissed because the Creeches had failed to provide the Town with notice within 180 days under the Indiana Tort Claims Act (*see* IND.CODE 34–4–16.5–7).[1]

The Creeches seek review on two issues which they contend constitute reversible error: (1) whether a 1978 letter from the Town's clerk-treasurer was an order pursuant to IND.CODE 36–7–9–5; (2) whether their counterclaim was truly barred from litigation under the res judicata doctrine. We find no error and affirm.

## DECISION

■ The record before us is woefully inadequate inasmuch as we are unable to find a copy of either the 1978 letter the Creeches are discrediting or the prior judgment which barred their counterclaim in the case here (although the record indicates the prior record was introduced into evidence). Therefore, we have had to rely on the Creeches' appellate brief to try to piece together their arguments. Their entire argument consists of the following:

"Appellant argues that the Court committed reversible error when it ruled the Appellant's counterclaim was res judicata, due to the prior dismissal of Appellant's Complaint denominated as cause number P–42, in St. Joseph Superior Court. Cause Number P–42 was dismissed by Judge Hosinski on the procedural ground that Mr. Creech did not provide the defendant, Town of Walkerton, notice of his claim within 180 days. The Court did not rule upon the alleged misfeasance raised by the Appellant in stating the Town Board of Walkerton had refused to provide a written list of repairs, discontinued communications concerning repairs, removed and refused to reinstall utility service for the purpose of making repairs, and refused to negotiate in good faith.

Appellant contends that to be res judicata the prior judgment must be conclusive, and to be conclusive it must identify the issues and adjudicate the precise point. *Johnson v. Knudson-Mercer Co.*, 1906, 79 NE 367, 117 [167] Ind. 429. In *Sekerez v. Lake City Board of Commissioners*, 1976, 358 NE2d 140, 171 Ind. App. 463, the Court delineated the four basic elements of res judicata, the fourth of which was that 'judgment in the former suit must have been rendered on the merits.' Appellant argues that since it was not on the merits, the Appellant is free to raise the same issues as the basis of a counterclaim in this cause of action.

Appellant argues the Court erred in finding the defendants letter of September 28, 1978 constituted an Order pursuant to IC 36–7–9–5 directing Mr. Creech to institute action concerning the unsafe premises. Clearly, the letter fails to comply with sections (4) and (5) of IC 36–7–9–5 which state:

(4) repair of an unsafe building to bring it into compliance with standards for building condition or maintenance prescribed by law;

(5) removal of part of an unsafe building;

In addition, subsection (d) states the order will expire in two (2) years unless:

(1) A complaint for judicial review is filed;

(2) A contract for action is let at public bid;

(3) A civil action is filed.

Since the Town Board of Walkerton failed to comply, they cannot obtain the mandatory injunction."

Appellant's Brief, pp. 6–7. We are still unable to decipher what the Creeches are arguing here with respect to the 1978 letter, particularly because we have no clue as to the letter's contents.[2] This issue is therefore waived for failure to make an

---

1. "Except as provided in section 8 of this chapter a claim against a political subdivision is barred unless notice is filed with the governing body of that political subdivision within one

hundred eighty (180) days after the loss occurs." IND.CODE 34–4–16.5–7.

2. The record as we read it indicates this 1978 letter was never entered into evidence.

adequate record of error, *State v. Lovett* (1970), 254 Ind. 27, 257 N.E.2d 298, or to otherwise present cogent argument. Ind. Rules of Procedure, Appellate Rule 8.3(A)(7); *May v. Blinzinger* (1984), Ind. App., 460 N.E.2d 546. Regardless, the structures were razed in June, 1984, so the issue is really moot. On the other hand, we believe the Creeches' other argument, regarding res judicata, is sufficiently lucid for us to address and dispense with.

The Creeches' brief concedes, for purposes of argument, that the counterclaim they filed against the Town exhibits three elements of a claim barred under the doctrine of res judicata: (1) the former judgment was rendered in a court of competent jurisdiction; (2) the matters in issue were presented in the former suit; and (3) both controversies were between the same parties. *See Sekerez v. Lake County Board of Commissioners, supra,* 171 Ind.App. 463, 358 N.E.2d 140. The Creeches thus base their appellate argument on the alleged absence of the fourth element crucial to the application of res judicata: the prior adjudication must have been a judgment on the merits. *Id.* Contrary to the Creeches' contentions, we believe the first action was so decided.

■ We believe the following to be a most comprehensive explanation of what constitutes a judgment on the merits:

"A judgment on the merits precluding the relitigation of the same cause of action is one based on the legal rights and liabilities of the parties, as distinguished from one based on technical or dilatory objections or contentions, or on mere matters of form or of practice or procedure. It is a judgment which determines which party is right as to the cause of action in dispute, if the judgment determines that the plaintiff has no cause of action against the defendant, the plaintiff in respect thereto is permanently out of court. In this respect, it is immaterial whether the determination is made on an issue of law or fact. Moreover, to constitute a judgment on the merits, it is not necessary to consider all the merits; due

consideration of vital ones will usually determine the matter as to all issues.

A decision with respect to the rights and liabilities of the parties is on the merits where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends. If the case is brought to an issue, heard on evidence submitted pro and con, and decided by the verdict of a jury or the findings of a court, the judgment rendered is on the merits. However, a decision on the merits is not necessarily a decision upon the facts, or upon evidence heard. Indeed, it is not even necessary that there should have been a trial; if the parties had a full legal opportunity to be heard on their respective claims and contentions, the judgment may be on the merits although there was no actual hearing or argument in the case."

46 Am.Jur.2d, *Judgments* § 478 (1969) (footnotes omitted). An adjudication based upon the running of a statute of limitation, as a bar to further action, is just such a judgment on the merits. *PRC Harris, Inc. v. Boeing Co.* (2d Cir.), 700 F.2d 894, *cert. denied* (1983), — U.S. —, 104 S.Ct. 344, 78 L.Ed.2d 311, ("[A] dismissal for failure to comply with the statute of limitations will operate as an adjudication on the merits, unless it is specifically stated to be without prejudice." *Id.* at 896); *Nathan v. Rowan* (6th Cir.1981), 651 F.2d 1223 ("A summary judgment on the basis of the defense of the statute of limitations is a judgment on the merits." *Id.* at 1226); *Wachovia Bank & Trust Co., N.A. v. Randell* (S.D.N.Y.1979), 485 F.Supp. 39; *Smith v. Russell Sage College* (1981), 54 N.Y.2d 185, 445 N.Y.S.2d 68, 429 N.E.2d 746; *LaBarbera v. Batsch* (1967), 10 Ohio St.2d 106, 227 N.E.2d 55 ("[A] dismissal on the ground that an action is barred by the statute of limitations is a determination on the merits." *Id.* 227 N.E.2d at 63); *see generally* Ind.Rules of Procedure, Trial Rule 41(B). And an adjudication upon a notice provision under a governmental tort claims act, such as here, is an adjudication

upon a statute of limitations. *Salavea v. City & County of Honolulu* (1973), 55 Haw. 216, 517 P.2d 51; *generally, Newlun v. City of Portland* (1967), 248 Ore. 291, 433 P.2d 816; *see also Hay v. City of Baraboo* (1905), 127 Wis. 1, 105 N.W. 654. The Creeches' original claim was dismissed for their having failed to comply with the notice provisions of our tort claims act. This was an adjudication on the merits, and further pursuit of such claim by way of counterclaim is barred by the doctrine of res judicata. *See Muscare v. Voltz* (1982), 107 Ill.App.3d 841, 63 Ill.Dec. 689, 438 N.E.2d 620.

The trial court is affirmed.

CONOVER and YOUNG, JJ., concur.