Esteban and Gloria TORRES,
Appellants (Plaintiffs Below)

v.

UNION CARBIDE, Appellee
(Defendant Below).

No. 64A03–8607–CV–212.

Court of Appeals of Indiana,
Third District.

March 16, 1987.

Rehearing Denied April 27, 1987.

P. Jeffrey Schlesinger, East Chicago, for appellants.

Stanley C. Fickle, Barnes & Thornburg, Indianapolis, R. Michael Parker, Barnes & Thornburg, Elkhart, for appellee.

HOFFMAN, Judge.

Esteban and Gloria Torres appeal from the summary judgment granted to Union Carbide. The Torreses' complaint alleges that on November 20, 1979, Esteban purchased a seventeen pound turkey from Parkview Foods. Allegedly Parkview employees placed the turkey in a plastic bag and as Esteban was carrying the turkey away, the bag broke, the turkey fell, and Esteban's toe was injured. On November 19, 1981, the day before the statute of limitations expired, Esteban filed suit against Parkview Foods and Polysak, Inc., in the United States District Court for the Northern District of Indiana. Polysak, Inc., a wholly-owned subsidiary of Union Carbide, was alleged to be the manufacturer of the fateful plastic bag.

The federal court, on March 31, 1982, dismissed Parkview Foods because of a lack of diversity. Further discovery in the case revealed that the defendant, Polysak, Inc., was not incorporated until April 6, 1980 and thus could not have manufactured the plastic bag in question. Thereafter, on March 7, 1983, the Torreses filed an amended complaint, identical to their original, except that Union Carbide was named as defendant and Polysak, Inc., was deleted.

Union Carbide subsequently moved for summary judgment, arguing that the Torreses' claim was untimely, because the statute of limitations had expired. The Torreses countered that the amended complaint related back to the date of the original complaint, because of Fed.R.Civ.P. 15(c). On March 1, 1984, the federal court rejected the Torreses' argument and granted summary judgment for Union Carbide for the reasons that Fed.R.Civ.P. 15(c) did

not apply and therefore the statute of limitations had run.

Concurrent with their federal action, the Torreses, on January 20, 1982, filed a complaint in the Superior Court of Lake County, Indiana. The complaint named both Parkview Foods and Polysak, Inc., and was essentially identical to the federal action. Eight months after the federal district court granted summary judgment, the Torreses amended their state court complaint. The amendment, again, dropped Polysak, Inc., and attempted to add Union Carbide. Union Carbide moved for summary judgment which was ultimately granted and the present appeal ensued.

The Torreses' only issue on appeal is whether Ind. Rules of Procedure, Trial Rule 15(C) permits their amended complaint to relate back to a time before the statute of limitations expired. It is, however, unnecessary to address this question, because analysis reveals that the history of this action mandates that it be decided on alternative grounds.

The available record demonstrates that the Torreses' present state court action against Union Carbide is barred by the doctrine of res judicata. There are essentially four elements of common-law res judicata: 1) The previous judgment must have been rendered by a court of competent jurisdiction; 2) The issue presently being litigated either was or might have been determined in the former suit; 3) The former suit must have been between the present parties or their privies; and 4) The former judgment must have been rendered on the merits. *Peterson v. Culver Educational Foundation* (1980), Ind.App., 402 N.E.2d 448.

There is no question that the district court was a court of competent jurisdiction with authority to adjudicate the controversy and that the present parties are the same as in the former action. The district court, in granting summary judgment, determined that Fed.R.Civ.P. 15(c) did not toll the statute of limitations and therefore the Torreses' claim was untimely. This is the exact issue that the Torreses are attempting to relitigate in their present state court action. And, finally, it is clear that a determination based on the running of the statute of limitation is a judgment on the merits. *Creech v. Town of Walkerton* (1984), Ind.App., 472 N.E.2d 226. Therefore the Torreses' claim against Union Carbide is barred by res judicata and the trial court is affirmed.

Affirmed.

GARRARD, P.J., and MILLER, J., concur.