## MADDOX v. YOCUM.

[No. 16,473.   Filed February 14, 1941.   Rehearing denied June 3, 1941.   Transfer denied October 7, 1941.]

*George F. Stevens,* of Plymouth, and *Earl B. Barnes* and *Charles M. Wells,* both of Indianapolis, for appellant.

*Delph L. McKesson* and *Marshall F. Kizer,* both of Plymouth, for appellee.

DEVOSS, J.—Plaintiff, Lawrence Yocum (appellee herein), filed his third amended complaint in six paragraphs against Edward Heyde, Shell American Petroleum, Shell Petroleum Corporation, Everett Maddox (appellant herein), Lillian Maddox, and Guy Thayer, for the possession of certain real estate situated in Marshall County in the State of Indiana, and for damages for the unlawful detention thereof.

Said appellee herein thereafter filed his supplemental complaint in said cause demanding damages for the unlawful detention of said real estate since the filing of said original third amended complaint.

Subsequent to the filing of said third amended complaint and supplemental complaint, such action was had by the parties and by the court whereby said cause of action was disposed of as to all defendants except appellant herein. No error is predicated upon the action of the court in such disposal; consequently, it is not necessary to set out the various proceedings relative thereto.

The appellee herein dismissed paragraphs 2, 3, 4, and 6 of said third amended complaint, and appellant herein filed his demurrer to the first and fifth paragraphs of said third amended complaint. The court sustained said demurrer as to the fifth paragraph of said third amended complaint and overruled the same as to the first paragraph.

Appellant herein, Everett Maddox, filed his answer in five paragraphs to appellee's first paragraph of said third amended complaint and to the supplemental com-

plaint. Thereafter, upon leave of court, the third paragraph of said answer was withdrawn by appellant. The appellee herein filed his reply in general denial to the second, fourth, and fifth paragraphs of appellant's answers. The first paragraph of appellant's said answer was in general denial. The cause was submitted to a jury for trial and said jury returned a verdict in favor of appellee herein against appellant in the sum of $2,000 damages.

Within the proper time, the appellant filed his motion for a new trial, which was by the court overruled; judgment rendered conforming to such verdict; and this appeal follows.

The errors assigned are as follows: (1) The trial court erred in overruling appellant's demurrer to the first paragraph of the third amended complaint. (2) The trial court erred in overruling appellant's motion for a new trial.

The grounds set out in the motion for a new trial, specified as pertinent to this appeal by appellant, are as follows: (9) The court erred in giving on its own motion each of the instructions numbered from 1 to 9. (10) The court erred in giving each of plaintiff's requested instructions 1, 2, and 4. (11) The court erred in refusing to give each of the instructions requested by defendant, Everett Maddox, 5, 6, 7, 9, and 10.

The original complaint was filed on February 27, 1935. The first paragraph of said third amended complaint alleges, in substance, that on or about May 25, 1933, appellee herein leased from Edward Heyde, owner thereof, by an oral agreement, a tract of real estate situated in Marshall County, Indiana, for a period of five years, for the purpose of operating a gasoline filling station from which to sell gasoline. That as rental therefor, it was agreed that appellee should pay

said Edward Heyde the sum of one cent on each gallon of gasoline sold from said premises. That appellee took possession of said real estate, prepared a driveway, secured gasoline pumps and tanks to be installed thereon, and continued to hold possession of said real estate in accordance with the lease until about the 26th day of November, 1934, at which time the defendant (appellant) and Lillian Maddox purchased said real estate from said Edward Heyde; and that at the time of said purchase, said appellant and Lillian Maddox had knowledge and notice of appellee's right to possession. That on or about said 26th day of November, said appellant and Lillian Maddox entered upon said real estate and ejected appellee therefrom, and have ever since kept appellee out of possession thereof, and now hold said real estate without right, and that appellee is entitled to immediate possession thereof, and damages for the unlawful detention thereof.

On September 12, 1938, appellee filed his supplemental complaint, alleging, in substance, that appellee had been further damaged since the filing of the original complaint to the 15th day of June, 1938, at which time said lease had expired, by the detention of said premises by appellant and demanded recovery of damages therefor.

It is contended by appellant, that the demurrer to said first paragraph of the appellee's third amended complaint should have been sustained by reason of the fact that said complaint disclosed that said premises was to be used for the purpose of selling gas and oil to the public, but that it failed to show that plaintiff (appellee) was lawfully entitled to engage in such business, or that he was licensed by the State of Indiana to engage in the sale of gasoline in accordance with § 47-1511, Burns' 1940 Replacement, and that said com-

plaint failed to allege that appellee had obtained a store license under § 42-301, Burns' 1940 Replacement.

Appellant cites decisions of this court and the Supreme Court of Indiana to sustain the proposition, that "when a statute fixes certain requirements relative to the right to carry on a certain business and fixes a penalty for noncompliance therewith, the party who seeks to enforce a right dependent upon such law has the burden of showing compliance therewith." We have considered the cases cited, and are in accord with the conclusions reached therein when considered with reference to the facts before the court in each of the cases cited.

In the case of *Bright National Bank* v. *Hartman* (1916), reported in 61 Ind. App. 440, 448, 109 N. E. 846, and cited by appellant, this court said, "Where a statute fixes certain requirements as conditions precedent to the right to carry on a certain business, or to the performance of certain acts, and affixes a penalty for noncompliance therewith, the party who seeks to enforce a right dependent upon such law has the burden of showing compliance therewith and may not rely upon the presumption that the requirements of the law have been satisfied."

By this case and other cases cited by appellant, it has, without question, been established as the law in Indiana that a contract made in violation of a statute is void.

However, the question to be determined in the instant case is whether or not the cause of action is predicated on or arises out of an illegal transaction or is a cause of action collateral to an illegal transaction.

In the case of *Johnson* v. *Hulings* (1883), 103 Pa. St. Report 498, 502, wherein a real estate broker sought to

recover a commission for the sale of real estate, without having a license so to act, the court stated, "It was there said, (referring to citation) as has been said in many succeeding cases, that the test whether a demand connected with an illegal transaction, can be enforced at law, is whether the plaintiff requires the aid of the illegal transaction to establish his case."

We think this is a fair statement of the test to be applied; and in the application thereof to the instant case, it is apparent that the appellee does not require the aid of the sale of gasoline or the sale of any commodity to establish the wrongful eviction from and holding of the premises by appellant.

▪ It is our opinion that the cause of action did not arise out of nor is it founded upon the sale of gasoline or any commodity comprehended by said § 47-1511 or § 42-301, Burns' 1940 Replacement, but, as alleged in the complaint, arises out of the alleged wrongful actions of the appellant in evicting appellee from the premises in question and in keeping said appellee out of the possession thereof, and is merely collateral to the business of selling gasoline.

We find no error of the trial court in overruling the demurrer of appellant to the first paragraph of the third amended complaint.

Appellant contends there was error in the giving by the court of its own motion its instruction No. 1. By this instruction, the court attempted to give the substance of the complaint and supplemental complaint, and, in so doing, stated that the supplemental complaint alleged in substance, that "Appellee has been deprived of the use of said premises," and, "has sustained damages to his business and suffered loss of income and profits therefrom." Evidently the specific allegation in the complaint to which the summariza-

tion referred was, "The plaintiff has been deprived of the use of said premises to his damage in the sum of $5,000.00."

The complaint is predicated upon the eviction of plaintiff from the premises described therein and the wrongful detention of the possession thereof by defendants, prays damages therefor and the restoration of the possession thereof to plaintiff. The supplemental complaint demands judgment for the use of said premises during the deprivation thereof by defendants.

It is specifically alleged in the complaint that the plaintiff was engaged in the business of selling gasoline on said premises; that appellant entered upon the premises and ejected plaintiff therefrom and has ever since kept him out of possession thereof; and that he has not been allowed to enjoy said premises, but has been deprived of the possession thereof, and demands damages therefor.

In the absence of a motion to make the complaint more specific, the allegations therein as to damages are sufficient to warrant proof by plaintiff of any damages to him directly and necessarily resulting from the acts of the defendants as complained of. We are of the opinion that, under the issues as formed, such instruction did not enlarge the relief sought by the complaint. Neither do we think there was such a departure from the context of the complaint, in such instruction, as would mislead the jury.

Appellant next objects to appellee's requested instruction No. 2 given by the court. Such instruction was in the following words: "I instruct you that if you find that the plaintiff has been wrongfully evicted or that defendants have violated plaintiff's right to the possession of the premises in question, in the fixing of

the rental value of the premises in question, you may use as a basis therefor the profits arising to the plaintiff from the use of the real estate in question."

The value of the leasehold of the premises in question for the period of time plaintiff was deprived of the use thereof, was an element of the damages which might be recovered by him therein. If the leasehold was worth more than the sum plaintiff was bound to pay under his agreement, then the difference between such worth and the sum agreed upon as rental would be recoverable as one of the elements of damages.

By this instruction No. 2, as above set out, the trial court undertakes to give to the jury a basis from which such rental value can be ascertained.

It is contended by appellant that this instruction does not state the correct rule for ascertaining the rental value of real estate. With this contention we agree.

Profits derived from a business conducted on property are too speculative, uncertain, and remote to be considered as a basis for computing or ascertaining the rental value of property.

"By 'rental value' is meant, not the conjectural or even probable profits which might accrue to the plaintiff from his business, but the fair value, to be ascertained by proof, of what the premises would rent for in the open market, or by evidence of other facts from which the fair rental value of the premises may be determined." *Brewington* v. *Loughran* (1922), 183 N. C. 558, 565, 112 S. E. 257, 28 A. L. R. 1543.

At the request of appellant, the court gave to the jury appellant's tendered instruction No. 11, which

reads as follows: "If you find for the plaintiff, it will then become your duty to assess his damages, if any. The sole measure of the damages, if any in this case, is the fair rental value of the real estate described in the third amended complaint. . . . By fair rental value is meant, not the probable loss of plaintiff's profits from said real estate but what said real estate would have fairly rented for during such period as a gasoline filling station in the condition thereof during such period. . . ."

No cross-error was assigned by appellee to the giving of this instruction, but this instruction is erroneous as to sole measure of damages. *Ault* v. *Phillips* (1941), 108 Ind. App. 535, 27 N. E. (2d) 379.

By instruction No. 2, herein above set out, the jury is informed that in fixing the rental value, it may use as a basis therefor the profits arising to the plaintiff from the use of the real estate in question.

By instruction No. 11, the jury was informed that rental value did not mean the probable loss of plaintiff's profits from said real estate.

These two instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to the law relative to "rental value." If the jury attempted to follow both of these instructions, it would result in confusion as to what rule of law to follow in arriving at the fair rental value.

"If two or more instructions are inconsistent and calculated to mislead the jury or leave them in doubt as to the law, it is a cause for reversal."

*Wenning* v. *Teeple* (1895), 144 Ind. 189, 41 N. E. 600, and cases cited. *Chicago etc. R. Co.* v. *Fretz*

(1910), 173 Ind. 519, 90 N. E. 76; *Cleveland etc. R. Co.* v. *Snow* (1906), 37 Ind. App. 646, 74 N. E. 908.

Appellant questions the giving of appellee's instruction No. 4. This instruction informed the jury as to when and under what circumstances an oral lease for more than three years would be taken out of the statute of frauds by part performance and as to how said lease could be terminated. This instruction was a proper interpretation of the law relative to the question and is not subject to infirmities stated.

Further objection is made as to the refusal of the court to give appellant's instruction No. 5. Such instruction was mandatory and related to a contract relative to the operation of the filling station situated on the premises involved. The evidence is not before us, but, as the issues were joined, we find no error in the refusal to give such instruction.

Appellant's tendered instructions Nos. 5 and 7 were refused by the court. It is contended by appellant that there was error in the refusing thereof. These instructions related to the effect of appellee's failure to procure a license to sell gasoline, and were not proper, and the statements made by this court herein, relative to the ruling on the demurrer, are applicable to this question.

For error of court in giving to the jury appellee's instruction No. 2, the judgment herein is reversed with instructions to the trial court to sustain appellant's motion for a new trial.

Bridwell, J., concurs.

Curtis, J., not participating.

NOTE.—Reported in 31 N. E. (2d) 652.