VAN ORMAN ET AL. *v.* EDWARDS MOTOR CO.

[No. 169A19. Filed November 25, 1970. No petition for rehearing filed.]

*Jerome B. Van Orman,* of Fort Wayne, for appellants.

*John E. Hoffman, Robert E. Scalf, Hoffman, Moppert & Solomon,* of Fort Wayne, for appellee.

SHARP, J.—Appellee Edwards Motor Company, Inc., filed suit to rescind a lease between itself as lessor and Appellant Van Orman Fort Wayne Corporation as lessee of a restaurant-bar located within the building, but separate from, Appellee's bowling alley. Appellants filed a counterclaim to recover alleged overpayments of rent under the lease in the amount

of $6,077.50. The trial court below rescinded the lease and denied Appellants recovery on their counterclaim. Appellants appeal only from the negative decision as to them on their counterclaim, contending the trial court erred as a matter of law.

In October of 1962 Appellee opened its bowling alley facilities in a large new building it had leased. Appellee contracted with Appellant Van Orman Fort Wayne Corporation to run the restaurant and bar as a traffic bolster to the bowling alley. The other Appellants in this appeal are successive tenants in the restaurant-bar, whose status is contested between the parties. By reason of our decision their legal status is not an issue which will be discussed. Rent for the restaurant-bar was to be paid as a percentage of sales, as is evidenced by the following provision in the lease:

"2. *Percentage Rental*: Van Orman shall pay to Edwards an annual percentage rental of 5% of all gross sales from the leased premises from October 1st to the following September 30th; except as to beverage sales consumed on the premises, said percentage shall be 10%. Said percentage rental shall be computed and payable by the fifth day of the month for the prior month's sales."

Appellants throughout the course of the bar's operation paid ten per cent (10%) of the gross sales of cold cans of beer which was purchased in its bar, poured into bar furnished paper cups either there in the bar or in the bowling alley, and then consumed in the bowling area. It is now contended these sales were consumed "off the premises" and were therefore only subject to a five percent (5%) rental rate.

The bar and restaurant were permitted to serve and sell alcoholic beverages by virtue of a Three-Way liquor license, which license area did not include the area of the bowling facilities. The Acts of 1935, ch. 226, § 18, p. 1056, the same being Burns' Indiana Statutes Annotated, § 12-517, provides in pertinent part:

"The holder of a liquor retailer's permit . . . shall be entitled to purchase alcoholic spirituous beverages only from permittees under this law entitled to sell to him, and to possess and sell at retail . . . to patrons and customers *only on the premises described in his application and permit, and not elsewhere, and such alcoholic spirituous beverages may be consumed upon said premises only by patrons or customers who are seated, both while being served and while consuming such alcoholic spirituous beverages, at a table or counter ordinarily used in the serving of food and/or meals: Provided, That no counter or similar arrangement shall be kept or maintained in said premises at which patrons or customers are permitted to stand and be served and/or consume such drinks. The holder of a liquor retailer's permit may also sell and deliver to any patron or consumer on the licensed premises . . . in bottles only or in such containers as the commission may by rule or regulation prescribe,* alcoholic spirituous beverages not in excess of four [4] quarts at any one time." (Emphasis supplied)

The Acts of 1935, ch. 226, § 10, p. 1056, as amended and as found in Burns' Indiana Statutes Annotated, § 12-509, dealing with the sale and consumption of alcoholic malt beverages, contains similar wording and import.

It is Appellants' contention herein that as a matter of law the beer sold as mentioned above could not lawfully be considered "consumed on the premises". Therefore, the 5% rather than the 10% rate must apply for the contract to be legally valid. The rules that the general law is a part of every contract, and that a contract will be given a legal rather than an illegal interpretation are invoked by Appellants. See *Wallace* v. *Mertz,* 86 Ind. App. 185, 156 N. E. 562 (1927) ; *Martin* v. *Koppitz-Melcher Brewing Co.,* 176 Ind. 321, 96 N. E. 4 (1911) ; *Lutz* v. *New Albany City Plan Commission,* 230 Ind. 74, 101 N. E. 2d 187 (1951).

The State of Indiana controls the sale of alcoholic beverages under its police power. All sales of alcoholic beverages are prohibited unless licensed. A permit to sell such beverages gives specific methods for legal sales, as is evidenced by the above quoted statute. All sales methods

not specifically enumerated and prescribed are extra-legal or illegal. Clearly, the sale of cold beer in the manner of the Appellants was not within the purview and scope of their permit, and as such were illegal. These sales cannot be justified as either "sit down" or "carry out in approved containers" under the statute.

The terms of the lease itself are not invalid on their face and do not call for illegal activity. This court need not construe the contract to find it valid; the promises are not illegal. However, Appellants actually seek a return of consideration based upon the illegal sales which they themselves made. By admitting their premises do not include the bowling area under the law, redress is sought for the fruits of illegal sales which formed the basis for the computation of the consideration. This position overlooks the roots of the contract for a declaration of its formal legality if legally executed.

As a general rule the courts will leave the parties to an illegal contract where they find them. *Terre Haute Brewing Co.* v. *Hartman,* 19 Ind. App. 596, 49 N. E. 864 (1898) ; ██ *McClain's Estate* v. *McClain,* 133 Ind. App. 645, 183 N. E. 2d 842, reh. den. 184 N. E. 2d 281 (1962). Appellants are correct that the lease is valid on its face and does not call for any illegal activity. However, in this case there can be no redress for Appellants because the consideration, being a percentage of illegal sales, was illegal and tainted. The lease need not have been based upon illegal sales; this was within the power and judgment of the Appellants. The consideration being based upon illegal activity inherently and unalterably binds the illegality to the consideration so as to put Appellants within the general rule and deny them recovery as a matter of law. The rule is not overly concerned with the apparent windfall given to Appellee; rather, its thrust is to compel the reality of the very rule Appellants rely upon, that the general law is a part of the contractual obligations of the parties. Appellants herein may not exceed the bounds of their alcoholic beverage sales permit and then rely upon their own

actions to gain a refund of rent paid based upon such outlaw sales.

Finding no error, the judgment of the trial court should be, and hereby is, affirmed.

Hoffman and White, JJ., concur.

Pfaff, J., not participating.

NOTE.—Reported in 263 N. E. 2d 746.