Rick HOFFMAN, Appellant (Defendant Below),

v.

Elaine DUNN and Kaye M. Winebrenner, Appellee (Plaintiff Below).

No. 02A04–8602–CV–60.

Court of Appeals of Indiana, Fourth District.

Aug. 28, 1986.

Mark D. Ulmschneider, Steele & Ulmschneider, Fort Wayne, for appellant.

Perry D. Shilts, Snouffer, Haller & Colvin, Fort Wayne, for appellee.

CONOVER, Presiding Judge.

Defendant-Appellant Rick Hoffman (Hoffman) appeals the trial court's denial of his motion for summary judgment, claiming a prior action on the same real estate contract bars recovery by Plaintiffs-Appellees Elaine Dunn (Dunn) and Kaye Winebrenner (Winebrenner) under the doctrine of res judicata.

We reverse.

ISSUES

Because we reverse, we address only the following issue:

1. whether the trial court erred in denying Hoffman's motion for summary judgment. Ind. Rules of Procedure, Trial Rule 56(C).

FACTS

Hoffman is the owner of a mini-mall/strip mall located in Fort Wayne. Dunn and Winebrenner are two of the three partners in Real Estate Unlimited, a purported real estate brokerage firm. The document which forms the basis of this dispute is an exclusive listing contract. It is signed by R.J. Hoffman as "owner" and Real Estate Unlimited as "broker". Dunn signed the contract on behalf of the brokerage firm.

After Hoffman allegedly breached the contract, Real Estate Unlimited filed a complaint for damages with the Allen Superior Court. In its Superior Court complaint, Real Estate Unlimited alleged it was a licensed real estate brokerage entity which entered into an exclusive listing contract with Hoffman on or about February 15, 1985. It alleged Hoffman breached the contract by selling the subject real estate without notifying Real Estate Unlimited. Damages of $7,420 for commission, prejudgment interest, and attorney fees were requested.

On September 5, 1985, Hoffman filed his motion for summary judgment and supporting memorandum of law. In it, he first claimed Real Estate Unlimited and Dunn were barred from recovering because they were not duly licensed. In support of this position, he submitted the affidavit of Ruth Filippe, an administrative assistant of the State of Indiana's Professional Licensing Agency. Her review of agency records revealed "Elaine Dunn is not now nor has she ever been licensed as a real estate agent or real estate broker in the State of Indiana." Also Filippe's affidavit stated "that according to the records, there is not now, nor has there ever been, a real estate agent or broker's license issued to any business in Fort Wayne, Indiana or Allen County, Indiana under the name of Real Estate Unlimited." Next, Hoffman's memorandum asserted the listing contract was void because it violated the statute of frauds. Finally, Hoffman alleged he was entitled to summary judgment in the Superior Court case because Real Estate Unlimited never performed its contract and never obtained a written offer to purchase the real estate.

Real Estate Unlimited filed a memorandum addressing the issues raised by Hoffman, submitted the affidavits of Dunn and Winebrenner in opposition to Hoffman's motion. A copy of the written partnership agreement was attached to Dunn's affidavit. It indicated James L. Pallick, Winebrenner, and Elaine M. King a/k/a Dunn formed a partnership on August 17, 1982, for the purpose of conducting a real estate business in and around Fort Wayne, Indiana.

With the above evidence before it the Superior Court held a summary judgment hearing. The court then entered the following findings and judgment:

Matter being under advisement as to Defendant's Summary Judgment, the court now finds that the Plaintiff was partnership that could not qualify for a broker's license because all of its partners were not brokers, that the sales agent obtaining the exclusive listing was not a broker but was a salesperson with license restricted to an affiliation with Kaye Winebrenner—a broker, that the listing contract was not taken in the name of Winebrenner as broker, therefore the suit for commission is not by one who is "duly licensed" under the law. Defendant granted Summary Judgment that Plaintiff take nothing by its complaint. Costs to Plaintiff.

No motion or any other action was taken by either party in the Superior Court case after September 27, 1985.

Thereafter, two of the three individual partners in Real Estate Unlimited filed a new complaint in the Allen Circuit Court on November 18, 1985. On November 26, 1985, the Superior Court decision became a final judgment. On December 11, 1985, Hoffman filed his motion for summary judgment with the Circuit Court, asserting the previous Superior Court decision barred relitigation of the enforceability of the February 15, 1985, contract. Hoffman's claim was based upon the doctrine of res judicata and collateral estoppel. This appeal arises from the denial of Hoffman's motion.

DISCUSSION AND DECISION

I. *Summary Judgment*

Hoffman claims the trial court erred in denying his motion for summary judgment. He states the issues argued in the Circuit Court case were or could have been decided by the Superior Court in the earlier suit because its decision was on the merits. Thus, he opines, the doctrine of res judicata precludes Dunn and Winebrenner from recovery.

Summary judgment is appropriate only when the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits and testimony, if any, show there is no genuine issue of material fact and the moving party is enti-

tled to judgment as a matter of law. *Creighton v. Caylor-Nickel Hospital, Inc.* (1985), Ind., 484 N.E.2d 1303, 1305–1306.

When reviewing the grant of a motion for summary judgment we stand in the shoes of the trial court. *Lafary v. Lafary* (1985) Ind.App., 476 N.E.2d 155, 158. We must liberally construe all evidence in favor of the nonmovant and resolve any doubts as to the existence of a genuine issue against the proponent of the motion. *Kahf v. Charleston South Apartments* (1984), Ind.App., 461 N.E.2d 723, 729. Summary judgment may not be used as a substitute for trial to resolve factual disputes. Even if the trial court believes the nonmoving party will not be successful at trial, where material facts conflict or conflicting inferences are possible from undisputed facts, summary judgment should not be entered. *Grimm v. Borkholder* (1983), Ind.App., 454 N.E.2d 84, 86.

II. *Res Judicata*

Hoffman states the Circuit Court suit is barred under the claim preclusion theory of res judicata. It is generally recognized

[T]he basic elements of the doctrine of res judicata are: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter now in issue was or might have been determined in the former suit; (3) the particular controversy adjudicated in the former action must have been between the parties to the present suit or their privies; and (4) the judgment in the former suit must have been rendered on the merits.

*Biggs v. Marsh* (1983), Ind.App., 446 N.E.2d 977, 981; *Glass v. Continental Assurance Co.* (1981), Ind.App., 415 N.E.2d 126, 128. *See also, Indiana University v. Indiana Bonding and Surety* (1981), Ind. App., 416 N.E.2d 1275, 1283; *Middelkamp v. Hanewich* (1977), 173 Ind.App. 571, 364 N.E.2d 1024, 1033.

In *M.R. by Ratliff v. Meltzer* (1986), Ind. App., 487 N.E.2d 836, we stated:

The branch of res judicata known as "estoppel by judgment" or "claim preclu-

sion" holds the prior adjudication of a cause of action is a bar to future litigation of that claim. *D.L.M. v. V.E.M* (1982), Ind.App. 438 N.E.2d 1023, 1027; *Illinois Central Gulf R.R. Co. v. Parks* (1979) 181 Ind.App. 141, 390 N.E.2d 1078, 1080. When claim preclusion applies, every question which was within the issues and might have been proved will be presumed to have been litigated. No further action between the parties, or their privies, will be permitted as to any of the issues. *Biggs v. Marsh* (1983), Ind.App., 446 N.E.2d 977, 981–982. ... In claim preclusion, the critical question is whether the present claim was within the issue of the first. It has generally been said the test for making this determination is whether identical evidence will support the issues involved in both actions. *Biggs, supra,* 446 N.E.2d at 982.

487 N.E.2d at 841.

■ There is no contention in the present litigation disputing the first three elements of res judicata. The question here is whether the Superior Court judgment was rendered on the merits. If so, the claim preclusion branch of res judicata is applicable and the Circuit Court action is barred.

In *Creech v. Town of Walkerton* (1984), Ind.App., 472 N.E.2d 226, Judge Miller defined when a judgment is rendered "on the merits." He said

"A judgment on the merits precluding the relitigation of the same cause of action *is one based on the legal rights and liabilities of the parties,* as distinguished from one based on technical or dilatory objections or contentions, or on mere matters of form or of practice or procedure. *It is a judgment which determines which party is right as to the cause of action in dispute, if the judgment determines that the plaintiff has no cause of action against the defendant, the plaintiff in respect thereto is permanently out of court.* In this respect, it is immaterial whether the determination is made on an issue of law or fact. *Moreover, to constitute a judg-*

*ment on the merits, it is not necessary to consider all the merits; due consideration of vital ones will usually determine the matter as to all issues.*

A decision with respect to the rights and liabilities of the parties is on the merits *where it is based on the ultimate fact or state of facts disclosed by the pleadings or evidence, or both, and on which the right of recovery depends.* If the case is brought to an issue, heard on evidence submitted pro and con, and decided by the verdict of a jury or the findings of a court, the judgment rendered is on the merits. However, a decision on the merits is not necessarily a decision upon the facts, or upon evidence heard. Indeed, it is not even necessary that there should have been a trial; *if the parties had a full legal opportunity to be heard on their respective claims and contentions, the judgment may be on the merits although there was no actual hearing or argument in the case.*" 46 Am.Jur.2d, *Judgments* Section 478 (1969) (footnotes omitted). (emphasis supplied).

472 N.E.2d at 228.

The Superior Court reached its determination based upon the first issue raised in Hoffman's memorandum supporting his motion for summary judgment. That is, an unlicensed realtor is barred from recovering under the contract. This issue was a vital one, and its consideration determined the matter as to all the remaining issues, *Creech, supra,* including the question of whether the contract was signed by an entity or individual authorized to be a real estate broker, a pre-condition to recovery under a real estate listing contract.

Under IND.CODE 25–34.1–3–4.1(b)(1) to obtain a broker's license, a partnership must: (1) have as partners "only individuals who are licensed brokers." IND.CODE 25–34.1–3–2(a) states in pertinent part:

no person shall, for consideration, sell, buy, trade, exchange, auction, lease, rent, manage, list, or appraise real estate or offer to perform any of those acts in

Indiana or with respect to real estate situated in Indiana, without a license. Pursuant to IND.CODE 25–34.1–1–2, "person" is defined as an individual, partnership, or corporation.

When a court determines an entity has failed to comply with statutory licensing requirements, it is a determination on the merits rather than one rendered on mere matters of form, practice, procedure, technical or dilatory objections.

■ A contract made in violation of a statute is generally presumed void. *Brokaw v. Brokaw* (1980), Ind.App., 398 N.E.2d 1385, 1388; *Maddox v. Yocum* (1941), 109 Ind.App. 416, 31 N.E.2d 652, 654. In *Noble v. Alis* (1985), Ind.App., 474 N.E.2d 109, Judge Neal said

Broadly speaking, the law is that a contract made in violation of a statute is void. *Maddox v. Yocum,* (1941) 109 Ind. App. 416, 31 N.E.2d 652. Only infrequently does a legislature, on grounds of public policy, provide that an agreement or term of agreement is unenforceable if it contravenes a statutory provision. Rest.2d *Contracts,* Sec. 179, Comment (b) (1981). Courts too hesitate to brand an "illegal" bargain necessarily void and thus unenforceable; they engage in a balancing test and evaluate circumstances such as the nature of the subject matter of the contract, the strength of the public policy underlying the statute, the likelihood that a refusal to enforce the bargain or term will further the policy, and how serious or deserved would be the forfeiture suffered by the party attempting to enforce the bargain. *Town Planning and Engineering Assoc., Inc. v. Amesbury Specialty Co., Inc.,* (1976) 369 Mass. 737, 342 N.E.2d 706. *See* Rest.2d *Contracts,* Sec. 178 (1981). Judicial decisions emphasize a distinction between statutes for revenue and statutes for protection of the public health, safety, and welfare: in the case of an agreement made in contravention of a statute designed for the protection of the public, "it is more likely that the statute breaker will be denied the enforcement of his bargain". *Wilson v. Kealakekua Ranch, Ltd.,* (1976) 57 Hawaii 124, 551 P.2d 525, 528.

474 N.E.2d at 111–112.

■ A statute requiring a real estate broker or a partnership operating as a real estate broker to procure a license is a regulatory measure. It is a proper and reasonable exercise of the police power. *See, State v. Meier* (1963), 244 Ind. 12, 190 N.E.2d 191, 195. In *Schreibman v. L.I. Combs & Sons, Inc.,* 337 F.2d 410 (7th Cir.1964), Judge Kiley stated:

The purpose of the Indiana Real Estate Licensing Act is to protect its citizens from possible loss at the hands of incompetent or unscrupulous persons acting as brokers. A licensing commission is established to administer tests to determine whether applicants are qualified to act as brokers and to issue licenses to those found to be qualified. Provision is also made for issuance of licenses without examination to licensed non-resident brokers at the discretion of the commission. ... In order to effectuate the purpose of the Act it has been provided that only licensed persons may perform any acts as real estate brokers and criminal penalties are imposed ... upon those who violate this provision.

337 F.2d at 412.

■ No real estate broker was a party to this contract. Dunn signed the broker's line but was not a licensed broker. Real Estate Unlimited was not registered with the State. Because all of its partners were not licensed *brokers,* it could not qualify for a broker's license under the statute. Winebrenner, a licensed broker, was not named in the contract. Thus, the contract is void.

In *Kaszuba v. Zientara* (1986), Ind.App., 495 N.E.2d 761, Judge Hoffman stated:

The established rule in Indiana denies citizens the use of the Indiana courts to enforce contracts which are illegal because violative of the statutory law or immoral because violative of the public policy of the State. *Sumner v. Union*

*Trust Co. of Indianapolis* (1946), 116 Ind.App. 684, 66 N.E.2d 621. By refusing to aid either party, the court leaves the parties where it finds them and the status quo is maintained. *Van Orman v. Edwards* (1970), 148 Ind.App. 66, 263 N.E.2d 746. The fact that this refusal to assist either party may result in what appears to be an inequitable conclusion whereby one party receives a windfall, is a fact on which the judiciary cannot focus. *Van Orman v. Edwards, supra.* An illegal or immoral contract is void, *Sumner v. Union Trust Co., supra,* and "[a] void contract cannot be enforced, no matter what hardship it may work, or how strong the equities may appear." *Pipecreek School Tp. v. Hawkins* (1912)d, 49 Ind.App. 595, 599–600, 97 N.E. 936.

495 N.E.2d at 761–762.

The contract here was void. The claim preclusion provisions branch of the res judicata doctrine precludes the Circuit court action. Its denial of Hoffman's motion for summary judgment was reversible error.

Reversed and remanded for entry of judgment in favor of Hoffman.

MILLER and YOUNG, JJ., concur.