**Dr. Victor L. LEAL, Plaintiff-Appellant,**

v.

**Robert KRAJEWSKI, individually and as Superintendent of Schools of the City of East Chicago, et al., Defendants-Appellees.**

No. 85–3073.

United States Court of Appeals,
Seventh Circuit.

Argued May 27, 1986.
Decided Oct. 14, 1986.

Donald S. Rothschild, Oak Park, Ill., for plaintiff-appellant.

Charles R. Rubright, Bose McKinney & Evans, Indianapolis, Ind., for defendants-appellees.

Before CUMMINGS, EASTERBROOK and RIPPLE, Circuit Judges.

CUMMINGS, Circuit Judge.

This case comes to us on appeal following the district court's grant of defendants' motion for summary judgment. This appeal requires us to determine whether plaintiff's present suit, brought under 42 U.S.C. §§ 1983, 1985, is barred by a previous state suit in which summary judgment was entered against plaintiff and other parties. For the reasons set forth below, we affirm the decision of the district court.

I

The genesis of both the present federal suit and the former state suit was the demotion of plaintiff and several other school employees in 1982. Plaintiff, along with these other employees, filed a suit in Clear Lake Superior Court in East Chicago, Indiana, on July 7, 1982. The bulk of the state court complaint concerned the propriety of an appointment of a particular School Board member and the validity of actions subsequently taken by the Board. The complaint also alleged in part "[t]hat pursuant to State Law, the Board of Education of the City of East Chicago has recently reorganized and has without cause demoted all of the Plaintiffs." ¶ 2, Exhibit B, R. 18. In its prayer for relief, the complaint asked "[t]hat the court preliminarily enjoin the School Board from demoting Plaintiffs." ¶ 14(b), Exhibit B, R. 18.

On September 7, 1982, the state court entered summary judgment against Leal and the other plaintiffs. The court disposed of most of the contentions of the demoted employees by holding that they lacked standing to challenge the appointment of persons to the School Board. With respect to the validity of the demotion, however, the court held that the Board "was acting within its discretionary authority when it assigned Plaintiff employees to different duties at the end of the 1981–82 school year after their written contracts of employment had expired." Exhibit E, R. 19.

Plaintiff then proceeded to file this federal suit on June 27, 1984, against the same defendants. Plaintiff once again complains that certain actions taken by the Board were wrong and that he was wrongfully demoted. In the instant suit, he characterizes these alleged wrongs as violations of his rights of free speech and freedom of association, thereby enabling him to state claims under 42 U.S.C. §§ 1983, 1985. Defendants moved for summary judgment, contending that the summary judgment entered in the state suit operated as a bar to

the present federal suit. The district court agreed and granted defendants' motion for summary judgment.

## II

■ Before addressing the merits of this appeal, we find it useful to clarify certain terminology. The term "res judicata," when used in its general sense, embraces two separate concepts: "issue preclusion" and "claim preclusion." When an issue has already been litigated in a former suit, and the former suit precludes the relitigation of that issue in a present suit, the preclusive effect is referred to as "issue preclusion." When an issue might have been litigated in a former suit but was not, and the former suit precludes the litigation of that issue in a present suit, the preclusive effect is referred to as "claim preclusion." Res judicata is occasionally used in a narrow sense to refer only to claim preclusion. To aid clarity, when we use the term res judicata we use it in only its most general sense, encompassing both issue preclusion and claim preclusion. We will refer to these two separate branches of res judicata doctrine as issue preclusion and claim preclusion. See generally *Migra v. Warren City School District Board of Education*, 465 U.S. 75, 77 n. 1, 104 S.Ct. 892, 894 n. 1, 79 L.Ed.2d 56.

In the instant case, we must determine the preclusive effect of a summary judgment in a state court suit on the present federal suit. 28 U.S.C. § 1738 in general mandates that a federal court in this situation give the same preclusive effect to the former state court judgment as would be given by a court of that state.[1] *Migra*, 465 U.S. at 81, 104 S.Ct. at 896; *Kremer v. Chemical Construction Corp.*, 456 U.S. 461, 466, 102 S.Ct. 1883, 1889, 72 L.Ed.2d 262; *Jones v. City of Alton*, 757 F.2d 878, 883 (7th Cir.1985); *Vandenplas v. City of Muskego*, 753 F.2d 555, 559 (7th Cir.1985), certiorari denied, —— U.S. ——, 105 S.Ct.

3481, 87 L.Ed.2d 616. Even if the present federal suit states a claim under 42 U.S.C. § 1983, 28 U.S.C. § 1738 still applies. *Allen v. McCurry*, 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (applies § 1738 with respect to issue preclusion); *Migra*, 465 U.S. at 83–84, 104 S.Ct. at 897–98 (applies § 1738 with respect to claim preclusion as well as issue preclusion). In determining the appropriate preclusive effect to give to the state court judgment, Indiana law must be applied. The only impact of federal law on this determination is the requirement that plaintiff had a full and fair opportunity to litigate his claim in state court, *i.e.*, that the state proceedings satisfied the minimal procedural requirements of the Due Process Clause. *Kremer*, 456 U.S. at 481, 102 S.Ct. at 1897; *Jones*, 757 F.2d at 884; *Lee v. City of Peoria*, 685 F.2d 196, 201 (7th Cir.1982). In all other respects, Indiana law governs our determination; "Section 1738 does not allow federal courts to employ their own rules of res judicata in determining the effect of state judgments." *Kremer*, 456 U.S. at 481–482, 102 S.Ct. at 1898.

■ The only issue in the instant case is whether Indiana law requires us to give preclusive effect to the summary judgment entered in the state court suit. Under Indiana law there are four basic elements of res judicata: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the matter at issue was, or might have been, determined in the former suit; (3) the controversy adjudicated in the former suit was between parties to the present suit; and (4) the judgment in the former suit was rendered on the merits. *State Exchange Bank of Culver v. Teague*, 495 N.E.2d 262, 266 (3d Dist.1986); *Creech v. Town of Walkerton*, 472 N.E.2d 226, 228 (4th Dist.1984); *T.R. v. A.W. by Pearson*, 470 N.E.2d 95, 96 (3d Dist.1984); *Biggs v. Marsh*, 446 N.E.2d

---

1. In pertinent part, 28 U.S.C. § 1738 provides: Such Acts, records and judicial proceedings [of any State court] or copies thereof, so authenticated, shall have the same full faith and credit in every court within the United States and its Territories and Possessions as they have by law or usage in the courts of such State, Territory or Possession from which they are taken.

977, 981 (3d Dist.1983); *Moxley v. Indiana National Bank,* 443 N.E.2d 374 (4th Dist. 1982); *Cox v. Indiana Subcontractors Association, Inc.,* 441 N.E.2d 222, 225 (1st Dist.1982). If requirement 2 is met because the matter at issue was determined in the former suit, then the resulting preclusive effect is issue preclusion. If, by contrast, requirement 2 is met because the matter at issue might have been determined in the former suit, then the resulting preclusive effect is claim preclusion. Defendants contend that plaintiff's claims that his rights of free speech and freedom of association were violated might have been determined in the former state suit. The preclusive effect at issue in the instant case is therefore claim preclusion.

There is no dispute that requirements 1 and 3 are met in the instant case. The Lake Superior Court clearly had jurisdiction to decide the former suit. The defendants to the former suit are identical to those in the present suit. The plaintiff in the present suit was also a plaintiff in the former suit.

The next issue is whether the matters at issue in the present suit, namely the propriety of plaintiff's demotion and the alleged infringement of his rights to free speech and freedom of association caused by his allegedly wrongful demotion, might have been litigated in the state court suit. For this requirement to be met, the present suit must be within the issues of the first suit. *Hoffman v. Dunn,* 496 N.E.2d 818, 821 (4th Dist.1986); *Ratliff v. Meltzer,* 487 N.E.2d 836, 841 (4th Dist.1981); *Biggs,* 446 N.E.2d at 982. The legal test for making this determination is whether the same evidence will support the issues involved in both actions. *Hoffman,* 496 N.E.2d at 821; *Ratliff,* 487 N.E.2d at 841; *Biggs,* 446 N.E.2d at 982.

Applying this test, we conclude that the matters at issue in the present suit might have been raised in the state court suit. As part of the state court suit, plaintiff claimed that he had been demoted without cause. In the present federal suit the core of plaintiff's allegations is that his unjust demotion infringed his rights to free speech and freedom of association. The claims, while legally distinct, are factually quite close to one another, and the same evidence supports both claims.

The fourth and final requirement is that the judgment in the former action be rendered on the merits. This requirement is not easily defined. Indiana courts have stated that a judgment is on the merits if it is "one based on the legal rights and liabilities of the parties, as distinguished from one based on technical * * * objections * * *." *Hoffman,* 496 N.E.2d at 821; *Creech,* 472 N.E.2d at 228. Plaintiff contends that the former judgment was not on the merits, because the state court held that he and the other plaintiffs lacked standing. This mischaracterizes the state court judgment. The state court's holding on the lack of standing of plaintiffs in that case referred largely to the attack on the Board appointment, and did not refer to all of the claims made in that case. As previously noted, plaintiff and the other employees claimed that they were unfairly demoted, and it is this claim from the former suit that forms the basis of defendants' claim preclusion argument in the present suit. The state court decided this claim on the merits, explicitly holding that the Board acted within its discretionary authority when it demoted plaintiff. All four requirements of claim preclusion in Indiana are thus met, and plaintiff is therefore precluded from maintaining the present suit.

For the above-stated reasons, the decision of the district court is affirmed.